**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000419
30-JUN-2021
01:46 PM
Dkt. 87 OGMD**

NO. CAAP-20-0000419

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE
REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I, INC. TRUST
2007-NC4 MORTGAGE PASS TROUGH CERTIFICATES, SERIES 2207-NC4,
Plaintiff-Appellee, v. GINA LEE OKUDA-STAURING, also known as
GINA L. STAURING, Defendant-Appellant; and EARL M. OKUDA, JR.;
DEPARTMENT OF TAXATION - STATE OF HAWAIʻI; JOHN DOES 1-20;
JANE DOES 1-20; DOE CORPORATIONS 1-20; and
DOE GOVERNMENTAL UNITS 1-20, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 16-1-0065)

ORDER GRANTING MOTION TO DISMISS APPEAL WITH PREJUDICE
(By: Ginoza, Chief Judge, Fujise and Hiraoka, JJ.)

Upon consideration of Plaintiff-Appellee Deutsche Bank National Trust Company's (Deutsche Bank) May 12, 2021 Motion to Dismiss Appeal With Prejudice (May 12, 2021 Motion), self-represented Defendant-Appellant Gina Lee Okuda-Stauring's (Okuda-Stauring) May 14, 2021 Fourth Motion Extension of Opening Brief (May 14, 2021 Motion), which the court construes as a motion for relief from default and a fifth extension of time for the opening brief, Okuda-Stauring's June 2, 2021 Motion for Extension to Respond to Plaintiff-Appellee's Motion to Dismiss Appeal (June 2, 2021 Motion), the papers in support and in opposition, and the record, it appears that:

(1) On March 31, 2021, the court, among other things, granted Okuda-Stauring relief from her second default and a fourth extension of time for the opening brief to April 30, 2021, with no further extensions. The court cautioned Okuda-Stauring a

third time in this appeal about timely filing documents and that future violations may result in sanctions, and that any further default of the opening brief may result in sanctions authorized by Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 30, including, without limitation, monetary sanctions, the appeal being dismissed, or both;

(2) Okuda-Stauring failed to file the opening brief or timely request an extension, and therefore is in default a third time in this appeal.  See HRAP Rule 30;

(3) In the May 12, 2021 Motion, Deutsche Bank seeks to dismiss the appeal with prejudice because Okuda-Stauring "has shown a repeated pattern" of HRAP violations, and despite relief from default twice and multiple extensions, she failed to file an opening brief;

(4) In the May 14, 2021 Motion, Okuda-Stauring seeks relief from default and a fifth extension of time for the opening brief, under HRAP Rule 26(b) and (e), for thirty days because she is self-represented, she struggled to provide record references in the opening brief because the record on appeal is missing scanned images of numerous documents, there was a power outage on Kauaʻi that affected her on April 29, 2021, and there are various orders concerning foreclosure actions at the state and federal levels;

(5) Okuda-Stauring's assertions are inconsistent with past submissions in this case.  On November 25, 2020, Okuda-Stauring filed an affidavit in support of her motion for extension of time for the opening brief, where she swore under oath that the opening brief was completed on November 20, 2020, except for page numbers on the table of contents, and the only reason she did not file the opening brief by November 20, 2020, was that she had trouble logging into JEFS.  Seven months later, the opening brief has not been filed;

(6) Three times the court cautioned Okuda-Stauring to timely file documents and that future violations may result in sanctions.  Twice it granted her relief from default of the opening brief and cautioned her that any further default of the opening brief could result in the appeal being dismissed, under

2

HRAP Rule 30. The March 31, 2021 order stated that no further extensions would be granted. Yet Okduda-Stauring defaulted on the opening brief a third time and did not seek relief until after Deutsche Bank filed a motion to dismiss the appeal;

(7) In addition, the record on appeal is not incomplete, as Okuda-Stauring suggests. "When all documents in the record on appeal, other than exhibits, are available in JIMS, the clerk of the court or agency appealed from need not transmit the physical or imaged documents, but shall file a notification with the appellate clerk that the documents are available in JIMS." HRAP Rule 11(b)(1). Here, the circuit court clerk correctly filed a record on appeal with two volumes that contain imaged documents and one volume that contains a complete copy of the index of the JIMS record in the underlying case, with documents electronically available through JIMS, that were not submitted as imaged documents in the first two volumes of the record on appeal, highlighted in yellow. Thus, the record on appeal is complete and in compliance with HRAP Rule 11(b)(1);

(8) Further, a power outage the day before the opening brief was due might have justified an additional day for the opening brief, but Okuda-Stauring did not timely bring it to the court's attention and that is not the relief she seeks here;

(9) Finally, the federal Coronavirus Aid, Relief, and Economic Security (CARES) Act provided a nationwide moratorium on some, but not all, foreclosure proceedings. Specifically, the Act provided relief for "federally backed loans." Although the foreclosure moratorium under the CARES Act has expired, federal agencies have continued to extend the moratorium on foreclosures of federally backed loans covered under the CARES Act. On July 20, 2020, Deutsche Bank filed a declaration stating the subject loan in this case is not a federally backed mortgage loan as defined by the CARES Act. Thus, the moratorium does not apply here. In addition, as Okuda-Stauring acknowledges, at least one federal agency order she cites applies to evictions and renters, which is not at issue here;

3

(10) Deutsche Bank has demonstrated good cause to grant the May 12, 2021 Motion and Okuda-Stauring fails to demonstrate good cause to grant the May 14, 2021 Motion;

(11) In the June 2, 2021 Motion, Okuda-Stauring seeks a first extension of time to file a response to the May 12, 2021 Motion because (a) she is self-represented; (b) this is a "challenging time" with the pandemic; (c) she did not know Deutsche Bank had filed the May 12, 2021 Motion "until days later," as she "does not check her P.O. Box or email daily"; (c) she will oppose the May 12, 2021 Motion for the same reasons stated in her May 14, 2021 Motion; and (d) she "requires more time to find stronger cases" to support her position; and

(12) As a registered JEFS User, Okuda-Stauring is responsible for monitoring her e-mail for notices of electronic filings in this case. Because the court considered her May 14, 2021 Motion, there is no need to consider the same arguments in opposition to the May 12, 2021 Motion. Okuda-Stauring fails to demonstrate good cause for the requested relief.

Therefore, IT IS HEREBY ORDERED that the May 12, 2021 Motion is granted, and the appeal is dismissed with prejudice.

IT IS FURTHER ORDERED that the May 14, 2021 Motion is denied.

IT IS FURTHER ORDERED that the June 2, 2021 Motion is denied.

DATED: Honolulu, Hawaiʻi, June 30, 2021.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Alexa D.M. Fujise
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge

4